UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

---

**COSCO SHIPPING LINES (NORTH AMERICA) INC., AS AGENT FOR COSCO SHIPPING LINES CO., LTD.**

      Plaintiff,

vs.

**OCEAN LINE LOGISTICS INC.**

      Defendant(s).

**CIVIL COMPLAINT**
**CONTRACT**

---

PLEASE TAKE NOTICE that Plaintiff, COSCO Shipping Lines (North America) Inc., as agent for COSCO Shipping Lines Co., Ltd., by and through its counsel, Bryan D. Press, as and for a Complaint against Defendant, Ocean Line Logistics Inc., allege, upon information and belief, as follows:

## JURISDICTIONAL ALLEGATIONS

1. The jurisdiction of this Court is founded on the admiralty or maritime character of the claim as more fully appears herein. This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. This is also a claim arising out of a civil case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. §§1333.

3. Further, as the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00, plaintiff submits that Federal Jurisdiction is established based upon Diversity

of Jurisdiction, and, a controversy exceeding the sum of $75,000.00.

## VENUE

1. This Court has venue over this matter because both plaintiff and defendant(s) reside and/or do business within the United States of America, and/or, the contract between the parties is governed by the laws of the United States of America.

## PARTIES

1  Plaintiff, COSCO Shipping Lines (North America) Inc., as agent for COSCO Shipping Lines Co., Ltd. is a corporation duly organized and existing and registered in the State of New Jersey pursuant to the laws of the State of New Jersey, with offices and a principal place of business located at 100 Lighting Way, Secaucus, New Jersey 07094.

2. Defendant, Ocean Line Logistics Inc., is a corporation duly organized and existing pursuant to the laws of the State of California, with offices and a principal place of business located at 630 West Duarte Road, Suite 205, Arcadia, California 91007.

3. Defendant is a bonded NVOCC as defined in 46 CFR 515.2 (K), and licensed by the Federal Maritime Commission. The definition refers to the transportation by water of cargo between the United States and a foreign country for compensation without operating the vessels by which the transportation is provided. Defendant acted as such in the transaction hereinquestion. Defendant holds itself out as being experienced in ocean freight transaction, and is or should be cognizant of the duties that attach to being named as a party "Merchant" to a Bill of Lading.

4. Pursuant to the contract(s) between the parties, all defendant(s) named herein have bound themselves as liable to the plaintiff via the bill(s) of lading and/or the invoice(s), and, as beneficial owner(s) of the cargo hereinquestion.

5       Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

## AS AND FOR A FIRST CAUSE OF ACTION

1.      Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs, as if specifically set forth herein at length.

2.      As set forth in Exhibits "A" and "B", and, as per the contract(s) between the parties, including, but not limited to those attached hereto as Exhibits "B", and at all times relevant herein, certain goods shipped by and/or consigned to defendant(s) were delivered to the plaintiff who arranged and assumed common carrier responsibility to dray, load, and transport defendant(s)' goods via ocean freight and via intermodal means appurtenant thereto, to the port(s) of and/or final destination designated by defendant(s) pursuant to the bill(s) of lading, which acted as the contract(s) of carriage entered between plaintiff and defendant(s).

3.      Pursuant to the contract(s), published tariff(s) and/or bill(s) of lading documents annexed hereto as Exhibit "B", defendant(s) was(were) and is(are) within the ambit of the definition of "Merchant" set forth in Section 1 of the bill(s) of lading, either as "... the consignor, the shipper, the receiver, the consignee, the owner of the Goods, the lawful holder or endorsee of this Bill of Lading, or any other person having any present or future interest in the Goods or this Bill of Lading, or anyone authorized to act on behalf of any of the foregoing."  As such, and as more particularly described in the bills of lading terms, including, but not limited to, Sections 12 and 13, the defendant(s) agreed to pay all freight, drayage, loading and other charges incident to the transportation of defendant(s)' goods to the destination port(s) and/or their ultimate destination(s).

4.      Upon information and belief, defendant(s) was(were) and is(are) acting as a

Non-Vessel Operating Common Carrier ("NVOCC") and/or Ocean Transportation Intermediary ("OTI") as defined in 46 CFR 515.2 as to these shipments under the Bill(s) of Lading attached hereto as Exhibit "B", and, acted as all times relevant as the shipper/merchant to plaintiff's bill(s) of lading, and, as such, agreed to pay all freight, drayage, loading, accessorial, and other charges incident to the transportation of defendant(s)' and/or its nominee(s)' goods to their ultimate destination(s).

5. Plaintiff's bill(s) of lading served as defendant(s)' document(s) of title, receipt(s) of the goods transported by plaintiff, and contract(s) of carriage between plaintiff and defendant(s). As such, plaintiff's bill(s) of lading formed the basis for defendant(s) securing the goods from its supplier(s) at the point(s) of shipment to the point(s) of destination.

6. The goods described on the bill(s) of lading were transported pursuant to defendant(s)' instructions, to the port(s) of destination requested and defendant(s)'s goods were received.

7. Plaintiff has duly performed all duties and obligations required to be performed by plaintiff.

8. Defendant(s) wrongfully, willfully, negligently and/or fraudulently breached the terms of the subject agreements by, inter alia, failing to pay the costs of carriage of the ocean freight and/or per diem charges, overland freight, detention, demurrage, and/or other associated costs accrued on the cargoes, all as duly invoiced by plaintiff to defendant(s).

9. As a result of Defendant(s)' breach of the agreements between the parties, plaintiff has incurred, and will continue to incur, costs and expenses for which defendant(s) is(are) liable under the terms of the governing contracts and at law.

10. Plaintiff has placed defendant(s) on notice of their claim that defendant(s)

has(have) breached the subject agreements and violated plaintiff's rights under the law.

11. Plaintiff, having reviewed its books and records in the ordinary course of business, has accounted for all prior payment(s), credit(s) and/or set-off(s) by defendant and/or third party(ies) as against the amounts due set forth herein. Despite plaintiff's repeated demands, defendant(s) has(have) failed to pay the plaintiff's damages due and owing under the agreements and at law.

12. By reason of the foregoing, plaintiff have sustained damages in the principal amount of $842,814.47, together with interest, costs, fees, including reasonable attorneys' fees and expenses, for which Plaintiff is entitled pursuant to Exhibits "A" and "B" annexed hereto.

## AS AND FOR A SECOND CAUSE OF ACTION

1. Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs, as if specifically set forth herein at length.

2. Defendants have an account stated with the plaintiff, and said invoice(s), bill(s), and account statement(s) as to the amount(s) due, have been sent to the defendants, to no avail.

3. By reason of the foregoing, plaintiffs have sustained damages in the principal amount of $842,814.47, together with interest, costs, fees, including reasonable attorneys' fees, and expenses.

## AS AND FOR A THIRD CAUSE OF ACTION

1. Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs, as if specifically set forth herein at length.

2. Plaintiff are due from defendant(s) the *quantum meruit* of plaintiff's services.

## AS AND FOR A FOURTH CAUSE OF ACTION

1. Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs, as if specifically set forth herein at length.

2. There is due from the defendant(s), the principal sum of $842,814.47, on a certain book account, and, defendant(s) have been made aware of the past due account(s) on said book account, to no avail.

3. Payment of the aforesaid sum has been demanded and refused.

## AS AND FOR A FIFTH CAUSE OF ACTION

1. Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs, as if specifically set forth herein at length.

2. Plaintiff sues the defendant(s) for services rendered by the plaintiff to defendant(s), upon the promise by the defendant(s) to pay the agreed amounts.

3. Payment has been demanded and refused.

## AS AND FOR A SIXTH CAUSE OF ACTION

1. Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs, as if specifically set forth herein at length.

2. Defendant(s) herein received the goods hereinquestion without making payment to plaintiff for plaintiff's ocean freight and related services.

3. The defendant(s)' failure to make payment in such regard is intentional.

4. The defendant(s)' actions in such regard have caused a severe economic detriment to the plaintiff.

5. The defendant(s)' actions in such regard represent an unjust enrichment to the

benefit of the defendant(s) and to the severe economic detriment of the plaintiff.

## AS AND FOR A SEVENTH COUNT

1. Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs, as if specifically set forth herein at length.

2. There is due from the defendant(s), the principal sum of $842,814.47, on a certain book account, a true copy of which is annexed hereto as Exhibit "A" and made a part hereof.

3. Pursuant to terms of the Bill of Lading contract(s) between the parties, copies of which are annexed hereto as Exhibit "B", including, but not limited to, Sections 12 and 13, defendant(s) agreed to be liable to plaintiff for attorney fees, costs and/or expenses arising from any failure by defendant(s) to comply with the obligations of the Bill of Lading contract(s) or in any way related to the goods or container(s) or which result from the acts or omissions of the defendant(s), their agents, servants or third parties for whom defendant(s), their agents or servants are responsible.

4. Defendant(s) failures more particularly described in Exhibit "A" annexed hereto constitute breach(es) of the Bill of Lading contract(s).

5. Defendant(s) failure to make payment upon demand constitutes a breach of the Bill of Lading contract(s).

6. Defendant(s) failure to resolve this matter amicably has forced plaintiff to bring this action to enforce the terms, covenants or conditions of the Bill of Lading contract.

7. Plaintiff is entitled to recover from defendant(s) reasonable attorney's fees, together with costs of suit.

8. 30% of the principal claim, or $252,844.34, constitutes reasonable attorney's fees for which defendant(s) are responsible to the plaintiff.

## DAMAGES

By reason of the foregoing, plaintiff has sustained damages in the principal amount of $842,814.47; plus attorney's fees, pursuant to the contract(s), of $252,844.34, representing 30% of the principal amount due; for a total of $1,095,658.81.

WHEREFORE, plaintiff prays for:

A. Judgment in favor of the plaintiff in the amount of plaintiff's principal damages of $842,814.47; plus attorney's fees, pursuant to the contract(s), of $252844.34, representing 30% of the principal amount due; for a total of $1,095,658.81, together with interest thereon, as well as costs and disbursements;

B. Judgment in favor of the plaintiff for punitive damages for breach of contract and unjust enrichment;

C. That process in due form of law according to the practice of this Court in cases of admiralty and maritime jurisdiction may issue against the defendant(s) citing it to appear and answer all the singular matters aforesaid;

D. That plaintiff have such other and further relief in the premises as in law and justice it may be entitled to receive.

LAW OFFICES OF BRYAN D. PRESS

BY: _____
BRYAN D. PRESS - BP0286
Attorney for Plaintiff
PO Box 246
Fair Lawn, NJ  07410
(201) 532-3477

Dated:  March 22, 2022